IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING APPLICATION** |
| Plaintiff, | ) | **FOR CERTIFICATE OF** |
| | ) | **INNOCENCE** |
| vs. | ) | |
| | ) | Crim. File No. 3:03-cr-112-01 |
| Racing Services, Inc., and Susan Bala, | ) | 3:03-cr-112-02 |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants' Application for Certificate of Innocence (Doc. #189). The United States filed a response in opposition (Doc. #193). The defendants filed a reply brief (Doc. #194), along with a supplement to the application (Doc. #197). .

Upon review of the briefs by the parties, the trial transcript, the Eighth Circuit's opinion in United States v. Bala, 489 F.3d 334 (8th Cir. 2007), and the entire file, the Court concludes that a certificate of innocence is inappropriate in this case and **DENIES** the motion by defendants RSI and Bala.

A certificate of innocence may be issued by the Court if a defendant proves that he or she "did not commit any of the acts charged or his [or her] acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he [or she] did not by misconduct or neglect cause or bring about his [or her] own prosecution." 28 U.S.C. § 2513(a)(2).

The district court's determination whether to grant the certificate is made independent of the outcome of the trial, and takes into account "not only whether the petitioner was innocent but

1

also whether he [or she] may be deemed responsible for his [or her] own prosecution."  Betts v.
United States, 10 F.3d 1278 (7th Cir. 1993).  The circuits that have addressed this issue have
followed the direction indicated in a House Judiciary Committee report.  Osborn v. United
States, 322 F.2d 835, 840 (5th Cir. 1963).  The report explained:

> The claimant must be innocent of the particular charge and of any other
> crime or offense that any of his acts might constitute.  The claimant cannot be one
> whose innocence is based on technical or procedural grounds, such as lack of
> sufficient evidence, or a faulty indictment - such cases as where the indictment
> may fail on the original count but claimant may yet be guilty of another or minor
> offense.

H.R.Rep. No. 2299, 7th Cong., 3d Sess. 2.  (quoted in Osborn, 322 F.2d at 840).  The report
specifically noted that reversals in criminal cases are "frequently had on the ground of
insufficiency of proof" and it is necessary "to separate from the group of persons whose
convictions have been reversed, those few who are in fact innocent of any offense whatever."
H.R.Rep. No. 2299, 7th Cong., 3d Sess. 2 (quoted in Betts, 10 F.3d at 1284).

The Eighth Circuit Court of Appeals reversed the RSI and Bala convictions for
insufficient evidence.  Bala, 489 F.3d 334, 341-42.  Considering this, the pertinent question
before the Court is whether it can conclusively state that first, Ms. Bala did not commit any
offense against the state of North Dakota or the United States, and second, Ms. Bala's actions
did not constitute misconduct or neglect such that she contributed to her own prosecution.  The
Court concludes it cannot so state.

It appears to the Court that Ms. Bala and RSI may have violated numerous sections of the
North Dakota Century Code, including the general prohibition on gambling, § 12.1-28-02; the
charitable organization exception, § 53-06.2-06; the "certificate system" rules, § 53-06.2-10; and
the system of simulcast wagering, § 53-06.2-10.1.  It is possible, even likely, that the evidence

provided at trial could rise to proof beyond a reasonable doubt that Ms. Bala and RSI failed to comply with the Title 53 rules and, thus, violated § 12.1-28-02.  However, the Court need not delve into these potential violations, because it is clear that the RSI site was unlicensed. Section 53-06.2-16(1), N.D. Cent. Code, states: "No person may conduct a parimutuel horse race unless that person is licensed by the commission.  Violation of this subsection is a class A misdemeanor."  It is clear to the Court that even if Ms. Bala did not herself violate this section, this crime was committed by the board operators and other persons employed by RSI.  Despite the fact that a fair amount of Ms. Bala's time was spent during this period with her brother, she was, at the very least, negligent.  This negligence contributed to her prosecution such that a certificate of innocence is unwarranted.

That § 53-06.2-16(1) is punishable by up to one year imprisonment – some five months less than Ms. Bala served – is certainly an unfortunate situation.  However, a certificate under 28 U.S.C. § 2513(a)(2) is appropriate only when "no offense" was committed and the defendant did not contribute to his or her prosecution.  Clearly, this is not the case here.

It is hereby **ORDERED** that the application for certificate of innocence is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of September, 2008.


*/s/     Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court

3